United States District Court
Southern District of Texas
**ENTERED**
February 16, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JAMES ROBERT HUGHES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:20-CV-00019 |
| | § | |
| SHARON MATHIS; PAM GUENTHER; | § | |
| STEPHEN WILLIAMS; ERIC PERRY; | § | |
| JOE GONZALES; KIMBERLY GLOOR; | § | |
| MARTI HERNANDEZ; and | § | |
| CAPTAIN MORENO, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER
## ACCEPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is the October 6, 2020 Memorandum and Recommendation ("M&R") signed by Magistrate Judge Jason B. Libby. (Dkt. No. 23). In the M&R, Magistrate Judge Libby recommended dismissing this prisoner civil rights action filed under 42 U.S.C. § 1983 by *pro se* Plaintiff James Robert Hughes. (*Id.*). The M&R specifically recommended that Hughes's claims against Defendants Sharon Mathis and Stephen Williams be dismissed because they were abandoned in Hughes's Amended Complaint, (*id.* at 1, 3), and his claims against the remaining Defendants be dismissed for failure to state a claim and/or as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).[1] (*Id.* at 1).

---

[1] On March 10, 2021, after the M&R was issued, Hughes paid the civil filing fee. As a result, Hughes is no longer proceeding *in forma pauperis* in this case. *See Abdullah v. Jacksonville Hous. Auth.*, 830 F. App'x 269, 270 (11th Cir. 2020) (per curiam) (acknowledging that the plaintiffs
(continue)

I.      OBJECTIONS

Hughes was provided proper notice and the opportunity to object to the proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Timely objections were filed. (Dkt. No. 26). As a result, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (per curiam) (quotations omitted). "A general objection to a magistrate judge's findings is not sufficient—a party must object to the magistrate's finding or recommendation with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Benton*, 523 F.3d 424, 428 (4th Cir. 2008) (cleaned up). Relevant here, a court must liberally construe a *pro se* document. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam).

The Court has reviewed the objections and finds that Hughes has made a general objection. His objections contain his views on the legal system and a reurging of the arguments in his More Definite Statement. *See* (Dkt. No. 17). For example, "[t]he current

---

"no longer proceeded *in forma pauperis*" once they paid the filing fee). Nevertheless, as a prisoner, Hughes's claims are still subject to screening under 28 U.S.C. § 1915A. *Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) (per curiam) ("[S]ection 1915A . . . applies to any suit by a prisoner against certain government officials or entities regardless of whether that prisoner is or is not proceeding [*in forma pauperis*].").

corrupt legal system has in effect sown its own seed of destruction by arbitrarily forming codes and revised statutes." (Dkt. No. 26 at 2). He adds, "[t]here is nothing in the complaints which can constitutionally be regarded as laws, and thus there is nothing in them which I am answerable for or which can be charged against me," and "[s]ince there are no valid or constitutional laws charged against me[,] there are no crimes that exist, consequently there is no subject matter jurisdiction by which I can be tried in the above-named court." (*Id.* at 2–3). He also opines on the nature of law, the validity of laws without "enacting clauses," the relationship between God and law, and the "debauched and illegal nature of the laws in criminal proceedings today." (*Id.* at 1–5). Hughes does not point the Court to any specific alleged errors in the Magistrate Judge's recommendations. *See Battle*, 834 F.2d at 421. Because Hughes has made a general objection, the Court does not consider it. *See id.*

## II.   CONCLUSION

For the foregoing reasons, the Court **ACCEPTS** the M&R as the opinion of the Court. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Defendants Sharon Mathis and Stephen Williams from this action, as the claims against them were not adjudicated on the merits because those claims were abandoned when Hughes filed an amended complaint. *See, e.g.*, *Kahlig Auto Grp. v. Affiliated FM Ins. Co.*, No. 5:19-CV-1315-DAE, 2021 WL 5227093, at *14 (W.D. Tex. May 20, 2021). Next, any of Hughes's claims implicating *Heck v. Humphrey* are "**DISMISSED WITH PREJUDICE** to their being

asserted again until the *Heck* conditions are met."[2]  Last, the Court **DISMISSES WITH PREJUDICE** all remaining claims.  This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[3]  As the M&R noted, Hughes "is WARNED that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury."  (Dkt. No. 23 at 1 n.1) (citing 28 U.S.C. § 1915(g)).  The Court **INSTRUCTS** the Clerk of Court to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

It is SO ORDERED.

Signed on February 15, 2022.

*Drew B. Tipton*
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

---

[2]  *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (per curiam) ("A preferred order of dismissal would read: Plaintiffs claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met.") (citing *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)).

[3]  The Court adopts this recommendation despite Hughes's payment of the filing fee. A Fifth Circuit panel suggested that the Section 1915(g) three-strikes bar applies to any prisoner suit dismissed for failure to state a claim, regardless of whether the prisoner is proceeding *in forma pauperis*. *Calhoun v. Collier*, 858 F. App'x 165, 165 n.1 (5th Cir. 2021) (per curiam).